Vik Pawar, Esq.
**PAWAR LAW GROUP P.C.**
6 South Street, Suite 201
Morristown, New Jersey 07960
Telephone: (212) 571-0805
Facsimile: (212) 571-0938
Email: vikrantpawaresq@gmail.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE BELL, derivatively on behalf of CANCER GENETICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PANNA L. SHARMA, JOHN A. ROBERTS, IGOR GITELMAN, JOHN PAPPAJOHN, RAJU S.K. CHAGANTI, EDMUND CANNON, FRANKLYN G. PRENDERGAST, MICHAEL J. WELSH, GEOFFREY HARRIS, HOWARD MCLEOD, and THOMAS WIDMANN, <br><br> Defendants, <br><br> and <br><br> CANCER GENETICS, INC. <br><br> Nominal Defendant. | Case No.: 2:18-cv-10009-CCC-MF |

**<u>Stipulation to Temporarily Stay the Derivative Litigation and
Acknowledging Acceptance of Service</u>**

Plaintiff Steve Bell ("Plaintiff"), nominal defendant Cancer Genetics, Inc. ("Cancer Genetics" or the "Company"), and defendants Panna L. Sharma, John A. Roberts, Igor Gitelman, John Pappajohn, Raju S.K. Chaganti, Edmund Cannon, Franklyn G. Prendergast, Michael J. Welsh, Geoffrey Harris, Howard McLeod and Thomas Widmann (the "Individual Defendants") (collectively, the "Parties"), and by and through their undersigned counsel, hereby agree and jointly submit this Stipulation to temporarily Stay the Derivative Litigation and Acknowledging Acceptance of Service ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, on June 1, 2018, Plaintiff filed the above-captioned action, asserting derivative claims against the Individual Defendants (the "Derivative Litigation");

**WHEREAS**, pending in the United States District Court for the District of New Jersey is a consolidated prior-filed putative securities class action captioned *In re Cancer Genetics, Inc. Securities Litigation*, Case No. 18-5612 (ES) (SCM) (the "Securities Litigation");

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation;

**WHEREAS**, on August 28, 2018, the Court in the Securities Litigation issued an order appointing a lead plaintiff in the Securities Litigation;

2

**WHEREAS**, on August 31, 2018, the Court in the Securities Litigation entered joint scheduling stipulation, ordering the lead plaintiff to file his amended complaint no later than sixty (60) days following the entry of the order (*i.e.*, by October 30, 2018); defendants to file their answer, motion to dismiss or other response to the amended complaint no later than sixty (60) days after the filing of the amended complaint (*i.e.*, by December 31, 2018); in the event that defendants file a motion to dismiss, lead plaintiff to file his opposition, if any, to Defendants' motion to dismiss no later than sixty (60) after the filing of motion to dismiss (*i.e.*, by March 1, 2019); and Defendants to file their reply in further support of their motion to dismiss no later than forty-five (45) days after the filing of Plaintiffs' opposition (*i.e.*, by April 15, 2019);

**WHEREAS,** pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" in the Securities Litigation;

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** between the Parties and their undersigned counsel that:

1.  In order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in

3

light of the stay of discovery and other proceedings in the Securities Litigation that the Parties anticipate will commence by operation of law following the filing of a motion to dismiss in that action, the Derivative Litigation is voluntarily stayed on the terms set forth below unless and until either: (1) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Litigation is denied in whole or in part, and the PSLRA stay dissolves as a matter of law; or (3) either of the Parties to this Stipulation gives a thirty (30) day notice that they no longer consent to the voluntary stay of the Derivative Litigation.

2. The Parties agree that if a future shareholder derivative action with substantial overlap between the facts and circumstances alleged in the Derivative Litigation is hereinafter filed in this Court or any other court, Defendants will promptly inform Plaintiff of any such later-filed action and the Parties will still be bound by this Stipulation in regard to that later-filed action.

3. The Parties agree that if any future shareholder derivative action with substantial overlap between the facts and circumstances alleged in the Derivative Litigation that is filed in this Court or any other court is not stayed pursuant to terms similar to those in this Stipulation, Plaintiff may lift the agreed stay upon thirty (30) days' notice in writing to Defendants.

4. The Parties agree that during the pendency of this stay, Defendants

shall promptly inform Plaintiff if a mediation with the plaintiffs in the Securities Litigation is scheduled.

5. The Parties agree that during the pendency of this stay, if a mediation or settlement conference with any plaintiff in any shareholder derivative action filed in this Court or in any other court with substantial overlap between the facts and circumstances alleged in the Derivative Litigation is scheduled, Defendants agree to include Plaintiff in that mediation or settlement conference.

6. The Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

7. Upon occurrence of any of: (1) the dismissal of the Securities Litigation, with prejudice, and exhaustion of all appeals related thereto; or (2) the denial in whole or in part of any motion to dismiss the Securities Litigation; or (3) either of the Parties to this Stipulation has given a thirty (30) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

8. Cancer Genetics was served with the complaint in this Derivative Litigation on September 11, 2018, and each of the Individual Defendants hereby

acknowledges that he accepted service of the complaint in this Derivative Litigation September 28, 2018; provided, however, that Defendants do not have to respond to the complaint until at least thirty (30) days after the stay is lifted, and that the acceptance of service and entry into this Stipulation shall not waive, and Defendants expressly preserve, all rights, claims and defenses, including, but not limited to, all defenses relating to jurisdiction.

Dated: September 28, 2018

*/s/ Vik Pawar*
Vik Pawar, Esq.
**PAWAR LAW GROUP P.C.**
6 South Street, Suite 201
Morristown, New Jersey 07960
Telephone: (212) 571-0805
Facsimile: (212) 571-0938
Email: vikrantpawaresq@gmail.com

*Attorneys for Plaintiff*

*/s/ Kate D. Seib*
Kate D. Seib
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: (212) 813-8800
F: (212) 355-3333
E: KSeib@goodwinlaw.com

Deborah S. Birnbach (*pro hac vice*)
Caroline H. Bullerjahn (*pro hac vice*)
Tucker D. DeVoe (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Ave.
Boston, MA 02210
T: (617) 570-1000
F: (617) 523-1231
E: DBirnbach@goodwinlaw.com
   CBullerjahn@goodwinlaw.com
   TDeVoe@goodwinlaw.com

*Attorneys for Defendants*

**IT IS SO ORDERED.**

_____  _____
Honorable Claire C. Cecchi                                              Date
United States District Judge